# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GHULAM MUSTAFA RAHMANI,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center, et al,<br><br>Respondents. | Case No.: 26-cv-870-BJC-DEB<br><br>**ORDER SETTING BRIEFING SCHEDULE ON PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND PROHIBITING TRANSFER OF PETITIONER** |

On February 11, 2026, Petitioner Ghulam Mustafa Rahmani filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2241. ECF No. 1. Petitioner is a native and citizen of Afghanistan. *Id.* ¶ 18. Petitioner fled Afghanistan in December 2022 after the Taliban returned to power and entered the United States on July 25, 2023, to seek asylum. On July 26, 2023, he was issued a Form I-862, Notice to Appear (NTA) which DHS filed with the immigration court, initiating removal proceedings against him. On July 26, 2023, Petitioner was issued a Form I-220A, Order of Release on Recognizance, though he was not from DHS's custody for about two months. Petitioner filed an application for Temporary Protected Status (TPS) with the United States Citizenship and Immigration Services (USCIS). In early 2024, Petitioner filed an application for asylum with the

immigration court and in December 2024, an immigration judge dismissed Mr. Rahmani's removal proceedings citing his pending application for TPS. Petitioner then filed an application for asylum with USCIS. Petitioner received employment authorization based on his pending TPS application and then received employment authorization based on his pending asylum application.

On the morning of January 23, 2026, Petitioner was arrested by immigration agents as he was seated in his car preparing to leave for class at San Diego College of Continuing Education. He has been detained at the Otay Mesa Detention Center since his arrest.

After a review of the petition, this Court deems it appropriate to require Respondents to file a response. Additionally, the Court finds a limited stay is necessary to preserve the *status quo* to allow the Court to provide a reasoned decision on the pending application. *See E-C-R- v. Noem*, No. 3:25-CV-1230-SI, 2025 WL 2300543, at *1 (D. Or. July 16, 2025) (finding an order under the All Writs Act, 28 U.S.C. § 1651, necessary to prevent the arrest, detention or deportation of the plaintiff while the parties litigate the merits of the plaintiff's motion for injunctive relief); *Du v. United States Dep't of Homeland Sec.*, No. 3:25-CV-644 (OAW), 2025 WL 1317944, at *2 (D. Conn. Apr. 24, 2025) (enjoining the defendants, under the All Writs Act, from removing the plaintiffs from the District of Connecticut to preserve the court's jurisdiction).

Based on the foregoing:

1. Respondent shall file a response to the petition **no later than February 23, 2026**. Respondents shall include copies of all pertinent documents, orders, and transcripts relevant to this petition.

2. Petitioner may file a traverse, **no later than March 2, 2026**. Absent further order of this Court, this matter will be deemed under submission at that time.

//
//
//
//

3. Respondents, their agents, employees, successors, attorneys, and all persons acting in active concert or participation with them are hereby **ENJOINED** from removing Petitioner from the United States or this District pending further order of the Court, to maintain the *status quo* to allow the Court to provide a reasoned decision to the request at hand.

**IT IS SO ORDERED**.

Dated:  February 17, 2026

*[signature: Bryan Cheeks]*

Honorable Benjamin J. Cheeks
United States District Judge