

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GHULUM MUSTAFA RAHMANI,<br><br>            Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, et, al.,<br><br>            Respondents. | Case No.:  26-cv-0870-BJC-DEB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

      Petitioner Ghulum Mustafa Rahmani, a citizen of Afghanistan, entered the United States on July 25, 2023, to seek asylum and was detained by Immigration and Customs Enforcement ("ICE").  ECF No. 8 at 5.  On July 26, 2023, Petitioner was released on his own recognizance. *Id*.  Petitioner filed an application for Temporary Protected States (TPS) with United States Citizenship and Immigration Services (USCIS).   In early 2024 he filed an application for asylum with the immigration court. *Id.* In December 2024, an immigration judge dismissed Petitioner's removal proceedings in light of his pending application for TPS with USCIS.  *Id.*  Petitioner then filed an application for asylum with USCIS and received employment authorization based on his pending TPS and asylum applications.  *Id.* at 6.

Petitioner worked at Unified Alaska Aviation Services while awaiting USCIS's adjudication of his asylum application and recently stopped working full-time to focus on furthering his education. *Id.* He was attending classes at the San Diego College of Continuing Education and also worked as a delivery driver to financially support himself. *Id.* On January 23, 2026, Petitioner was arrested by immigration agents as he was seated in his car preparing to leave for English class. *Id.*

On February 11, 2026, Petitioner, appearing *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. This Court set a briefing schedule, issued a limited stay, and conditionally appointed Federal Defenders to represent Petitioner on February 17, 2026. ECF No. 2. Petitioner, through counsel, filed an amended petition. ECF No. 8. Respondents filed a return to the amended petition on March 9, 2026. ECF No. 10.

## LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## DISCUSSION

Petitioner contends the revocation of his parole and his detention violate the Administrative Procedures Act ("APA"), Due Process Clause of the Fifth Amendment, and the Immigration and Nationality Act (INA). ECF No. 5 at 14-19. Respondents concede that this Court ordered the release of a noncitizen in a similar position to Petitioner in *Alkan v. U.S. Immigration and Customs Enforcement,* No. 26-cv-0672-BJC-DDL, 2026 WL 559776 (S.D. Cal February 27, 2026), and makes no further argument. ECF No. 10 at 2.

Under applicable regulations, parole is "terminated upon written notice to the

[noncitizen]." 8 C.F.R. § 212.5(e)(2).  Additionally, Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his parole.  *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025).  Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained.  The Court finds Petitioner's detention violates due process rights.

Accordingly, the Court **GRANTS** the petition for a writ of habeas corpus.  Respondents shall immediately release Petitioner under the previously determined conditions and shall return all of his belongings, including his identification documents.  Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process.  The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated:  March 10, 2026

Honorable Benjamin J. Cheeks
United States District Judge